IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MILES THOMAS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>LUTIA TUKUMOEATU; BOB KOKO; SHAY AUGUSY; and SHANIA TAVARES,<br><br>　　　　　Defendants. | Civil No. 24-00439 MWJS-WRP<br><br>ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT |

## **INTRODUCTION**

Pro se Plaintiff Miles Thomas brought this action on October 4, 2024. ECF No. 1. Plaintiff also applied to proceed in forma pauperis (IFP), that is, without prepayment of fees or security. ECF No. 3. In considering such an application, the Court must screen the complaint. For the reasons explained below, the Court DISMISSES the complaint without leave to amend and DENIES the IFP application as moot.

//

//

## DISCUSSION

A. **Screening of Plaintiff's Complaint**

Because Plaintiff asks to proceed in forma pauperis, the Court must screen his complaint. *See* 28 U.S.C. § 1915(e)(2). Plaintiff is a pro se litigant, and so the Court liberally construes his pleadings. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court is nonetheless required to dismiss claims or complaints that, among other things, are frivolous or fail to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). And even when screening complaints under the in forma pauperis statute, "a district court must first determine whether it has jurisdiction before it can decide whether a complaint states a claim." *Moore v. Maricopa Cnty. Sheriff's Off.*, 657 F.3d 890, 895 (9th Cir. 2011).

1. Dismissal is required here because the complaint does not sufficiently allege that the Court has subject matter jurisdiction over this dispute. Subject matter jurisdiction is a court's power to hear a case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Because federal courts have

limited power to hear cases, a plaintiff has the burden to establish that subject matter jurisdiction is proper.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

Here, Plaintiff checked a box in the complaint indicating that the Court has subject matter jurisdiction because there is a federal question presented.  *See* ECF No. 1, at PageID.4.  Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil cases arising under the Constitution or federal law.  Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Where an alleged claim "is wholly insubstantial and frivolous," there is no federal question jurisdiction.  *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

Plaintiff's complaint does not present a federal question.  It alleges that for nearly two years, Defendants have "used mind reading technology to harass and torture" Plaintiff, who is an Army Veteran, and that Plaintiff's life and his family have been threatened by other families.  ECF No. 1, at PageID.5.  As relief, Plaintiff seeks seventy-five million dollars for

intentional infliction of emotional distress, invasion of privacy, loss of love and affection, medical bills, loss of enjoyment of life, pain and suffering, brain damage, harassment, lost wages, bad debt, fraud, and defamation of character.  *Id.* at PageID.6.  These are tort claims that do not arise under federal law.  From the face of the complaint, it does not appear that any federal law or constitutional provision is at issue.  Nor does the complaint provide another basis for jurisdiction.  Accordingly, Plaintiff has not met his burden to show that this Court has subject matter jurisdiction over his case, and the complaint is DISMISSED without prejudice.

    2.  Generally, leave to amend should be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  But where amendment would be futile, leave is appropriately denied.  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

    Here, amendment would be futile because it would not cure the complaint's jurisdictional deficiencies.  Moreover, even if Plaintiff were able to do so, he would face other prohibitive barriers at the screening stage, for his complaint does not state a claim for relief.  In evaluating

whether a complaint fails to state a valid claim for screening purposes, courts generally apply the pleading standards in Rule 8 of the Federal Rules of Civil Procedure.  *See Watison*, 668 F.3d at 1112; *Zixiang Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013).  Under Rule 8, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To show an entitlement to relief, however, it is not enough for a complaint to allege "labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*  Plaintiff's complaint does not do so; its allegations are sparse.  Further, its allegations regarding mind reading technology meet the standard for factual frivolousness.  *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").  As such, leave to amend would be futile, and it is DENIED.

B.     **Plaintiff's In Forma Pauperis Application**

Because the complaint is dismissed without leave to amend, the Court DENIES Plaintiff's IFP application as moot and does not decide the application's sufficiency.  *See* ECF No. 3.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES Plaintiff's complaint without leave to amend and DENIES his IFP application as moot.

IT IS SO ORDERED.

DATED:  October 16, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 24-00439 MWJS-WRP; *Miles Thomas v. Lutia Tukumoeatu*, et al.; ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT